UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JOSHUA MALAVE-SYKES,

Plaintiff,

v. 3:24-CV-1358 (GTS/ML)

GEODIS SCO USA, LLC,

Defendant.

---

APPEARANCES: OF COUNSEL:

JOSHUA MALAVE-SYKES
Plaintiff, *Pro Se*
15 Delaware Avenue, Apt. #245
Endicott, New York 13760

FISHER & PHILLIPS PHILLIP BAUKNIGHT, ESQ.
Counsel for Defendant
400 Connell Drive, Suite 4000
Berkeley Heights, New Jersey 07922

GLENN T. SUDDABY, United States District Judge

**DECISION and ORDER**

Currently before the Court, in this *pro se* civil rights action filed by Joshua Malave-Sykes ("Plaintiff") against Geodis SCO USA, LLC ("Defendant"), are (1) United States Magistrate Judge Miroslav Lovric's Report-Recommendation recommending that Plaintiff's Complaint be dismissed with prejudice pursuant to 28 U.S.C. § 1951(e)(2)(B), (2) Plaintiff's Objection to the Report-Recommendation, and (3) Defendant's Response to Plaintiff's Objection. (Dkt. Nos. 29, 30, 31.)

Generally, in his Report-Recommendation, Magistrate Judge Lovic determined that (1) Plaintiff's Amended Complaint (Dkt. No.23) should be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915 and that Plaintiff should not be permitted another opportunity to amend his claims, and (2) Defendant's motion to dismiss (Dkt. No. 5) be denied as moot (and that, if it were not moot, its argument regarding the untimeliness of Plaintiff's FLSA claim should serve as an alternative basis for dismissal). (Dkt. No. 29, Parts III-IV.)

Generally, in his Objection, Plaintiff asserts the following three arguments: (1) his retaliation claim should not be dismissed because he has presented prima facie evidence of retaliation by showing Defendant wrongfully terminated him on unlawful grounds (and that, while he may not have met all the elements of a retaliation claim, other courts have allowed a plaintiff to prevail after presenting direct evidence of discrimination); (2) his FLSA claim should not be dismissed based on a failure to meet the statutory minimum income limits because Defendant's annual revenue was approximately $20.8 billion dollars in 2025, far exceeding the minimum threshold amount of $500,000 required; and (3) he has been prejudiced by Defendant's false actions consisting of (a) the filing by Geodis' employee Kimberly Conklin of a police report against him containing false statements that he was creating a hostile work environment which was merely an attempt by Defendant to justify his termination, and (b) the submission by Defendant of perjured statements to the Court stating that he was not permanently hired by Geodis in December 2023. (Dkt. No. 30.)

Generally, in its Response to Plaintiff's Objection, Defendants assert the following four arguments: (1) because Plaintiff's arguments regarding his retaliation claim merely rehash his prior arguments that the Court has already determined to be legally insufficient, they must be

rejected on clear-error review; (2) Plaintiff's arguments regarding his Title VII and ADA claims should be rejected because (a) they are based on conclusory allegations, (b) Plaintiff has failed to demonstrate that he was engaged in any protected conduct or otherwise show that Defendant understood Plaintiff was confronting unlawful discrimination, and (c) Plaintiff has failed to show that Defendant meets the minimum sales threshold of $500,000 in gross annual sales or that Plaintiff was engaged in commerce or the production of goods for commerce; (3) Plaintiff's attempt to insert a perjury claim against Defendant at this stage of the proceeding is not only baseless it is also immaterial because Plaintiff's claims are being dismissed for legal insufficiency and do not rest on a dispute over his employment status with Geodis or the Peoplelink Group; and (4) finally, because Plaintiff has already been permitted an opportunity to amend his claims and failed to cure its deficiencies, Plaintiff's Complaint should be dismissed with prejudice. (Dkt. No. 31, at Part II.)

After carefully reviewing the relevant papers herein, including Magistrate Judge Lovric's thorough Report-Recommendation, the Court can find no error (clear or otherwise) in the Report-Recommendation. Magistrate Judge Lovric employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein, as well as for the reasons stated in Defendant's Response to Plaintiff's Objection. To those reasons, the Court adds only one point.

In his Objection, Plaintiff attempts to present new factual assertions and/or evidence to the Court. (*See, e.g.,* Dkt. No. 30, at 7-26.) Ordinarily, a district court will refuse to consider evidentiary material that could have been, but were not, presented to the magistrate judge in the

first instance. *See, e.g., Stemmons v. Glens Falls Hosp.*, 25-CV-0846, 2026 WL 858577, at *2 (N.D.N.Y. March 30, 2026) (Suddaby, J.) ("[A] district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance."); *Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted). Here, the Court finds no cause has been shown to depart from that ordinary practice.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Lovric's Report-Recommendation (Dkt. No. 29) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 23) is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that Defendant's motion to dismiss (Dkt. No. 5) is **DENIED as moot**.

Dated: September 21, 2026
Syracuse, New York

HON. GLENN T. SUDDABY
United States District Judge